**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI (Northern (Jackson))**

| | |
|---|---|
| HOWARD BROWN and BRANDON SIBLEY, | ) ) ) |
| **Plaintiffs,** | ) ) ) |
| V. | ) Civil Action No. 3:23-cv-127-DPJ-FKB |
| CHOCTAW RESORT DEVELOPMENT ENTERPRISE, ET AL., | ) ) ) ) ) |
| **Defendants.** | ) ) ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS FOR FAILURE TO EXHAUST TRIBAL REMEDIES**

COME NOW the Defendants herein by and through their counsel of record, and for their Reply to Plaintiffs' Response (Doc. 9) to Defendants' pending Motion to Dismiss for Failure to Exhaust Tribal Remedies (Doc. 6), state as follows:

1. Initially, it is undisputed that Plaintiffs have not sought judicial relief in the Choctaw Courts on any of their claims. Thus, Plaintiffs' have failed to exhaust their tribal remedies on any of their claims, all as more fully set out in Defendants' Motion to Dismiss AND Defendants' Memorandum filed in support thereof. (Doc.7).

2. Plaintiffs did satisfy the Exhaustion of Administrative Remedies requirement established by § 1-5-10 Choctaw Tribal Code, a pre-lawsuit requirement under tribal law (quoted by Plaintiffs at ¶ 1, Doc. 9), and did so by the letter they sent to Mississippi Choctaw Chief Cyrus Ben in October, 2021, an unsigned copy of which is attached to Plaintiffs' Response to Defendants' Motion to Dismiss as Exhibit G. A duplicate of that letter was also sent to the CEO

of the Choctaw Resort Development Enterprise ("CRDE") under cover letter of 10/23/21 (a true and correct copy attached as Exhibit 10). Plaintiffs sent another letter to the Mississippi Choctaw Chief Cyrus Ben six months or so after the denial of access incident of October 16, 2021, a copy of which they have attached to their Response as Exhibit I. That letter was received in Chief Ben's office on April 26, 2022 (a true and correct copy attached as Exhibit 11). But filing these Exhaustion of Administrative Remedies letters does not constitute the filing of any suit in the Choctaw Tribal Courts. Satisfying the requirements of § 1-5-10 merely allowed a tribal court suit on those claims to be filed, but Plaintiffs never followed those letters with any suit in the Tribal Court.

3. Also, the Tribe's letter of October 28, 2021, sent by CRDE's Risk Management Department (Exhibit H to Plaintiffs' Response) plainly put Plaintiffs' on notice that if they wished to pursue any tort remedies against the Tribe based on the denial of access incident they claim occurred on October 16, 2021 (¶ 20 of Exhibit G to Plaintiffs' Response), they had to comply with the provisions of the Choctaw Tort Claims Act, a copy of which was given to Plaintiffs with that letter.

4. Plaintiffs then chose to ignore that information and the deadlines there stated and instead sought relief on their tort claim for "Negligent Infliction of Emotional Distress" (and their other claims) in this Court rather than to then timely file a Choctaw Tort Claims Act notice for and then pursuing tort relief on that claim in the Choctaw Tribal Court.

5. As of October 28, 2021, Plaintiffs still had 11 months within which they could have timely filed a Choctaw Tort Claims Act notice, but delayed in filing that notice until December 19, 2022, after their failed effort to secure relief in this Court on that tort claim and their other claims without first exhausting their tribal remedies. *See*, Doc. 50, the Order

dismissing all of those claims as filed in their prior federal court suit at 3:22-CV-00256-DPJ-FKB for failure to exhaust their tribal remedies.

6.     Plaintiffs' belated Tort Claim Act notice was thus properly denied per the Choctaw Attorney General's letter of December 21, 2022 (Exhibit A to Plaintiffs' Complaint) for failure to meet the one-year Tort Claims Act notice deadline.

7.     Further, if Plaintiffs believe there is any merit to a tolling kind of argument to avoid the one-year Tort Claims Act notice filing deadline which they failed to satisfy, the only Court which could address that kind of tribal law claim is the Choctaw Tribal Court, but Plaintiffs have not sought to present that kind of tolling argument in the Choctaw Court.

8.     More importantly, the core of Plaintiffs' Complaint asserts various federal statutory and Constitutional claims—not tort claims. And, as shown in Doc. 7, (pp. 13-14), the Choctaw Tort Claims Act does not apply to such Constitutional or federal statutory claims. Further, nothing respecting what occurred regarding Plaintiffs' failed effort to pursue a Choctaw Tort Claims Act remedy re their single tort claim changes the fact that they have never sought relief in the Choctaw Courts on their federal statutory or Constitutional claims or even as to their single tort claim. It is undisputed that they have not ever sought relief in the Choctaw Court on any of those claims either before or after their original federal court suit was dismissed for failure to exhaust their tribal remedies.

## CONCLUSION

Based on the pleadings and submissions of the parties filed in support of or in opposition to the Tribal Defendants' Motion to Dismiss, it remains undisputed that Plaintiffs have still failed to exhaust their tribal remedies.

Defendants hereby renew their prayer that this Court dismiss Plaintiffs' new Complaint for failure to exhaust their tribal remedies.

                                    Respectfully submitted,

                                    VanAMBERG, ROGERS, YEPA, ABEITA
                                          GOMEZ & WILKINSON, LLP

By:    /s/ C. Bryant Rogers
        C. BRYANT ROGERS
        Post Office Box 1447
        Santa Fe, NM 87504-1447
        Phone: (505) 988-8979
        Fax: (505) 983-7508
        E-mail: cbrogers@nmlawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was mailed to the Plaintiffs by United States Mail, postage prepaid, on March 30, 2023, 2023, at the addresses listed with the Clerk of the Court.

                                                      /s/ C. BRYANT ROGERS
                                                        C. BRYANT ROGERS