Received

APR 2 6 2022

Chief's Office

Brandon A. Sibley
17125 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818

Howard G. Brown
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818

# CHIEF CYRUS BEN AND THE MISSISSIPPI BAND OF CHOCTAW INDIANS

Cyrus Ben,

It has been six months since the deprivation of rights that occurred on the premises of the Golden Moon Hotel and Casino, and this is our last attempt at a good faith remedy outside of the United States court system.

While you may believe you are insulated from harm through sovereign immunity, you are not. It is my intention to inform you that constitutional right violations have <u>NO statute of limitations</u>. The rights that are secured by the constitution are substantive rights, which include the right to property, equal protection, and freedom of conscience. The deprivation of these substantive rights constitutes criminal behavior.

As with all avenues of litigation, the cost associated with litigation will come by the hands of attorneys who are incapable of grasping what substantive due process is and how it is successfully plead. It is my intention to bypass that process of attorneys, siphoning off the treasury secured by and for the Mississippi Band of Choctaw Indians; but that choice is yours alone.

Both I and Howard are fighting for the defense of the time-honored values of individual liberty and personal autonomy. Now, the only way we can make corporations and individuals stop the ever-encroaching tyrannical rule of arbitrary decisions, made by political idiots is to make them personally responsible for stepping outside their absolute immunity. This immunity does not protect them when they are involved in unconstitutional ordinances which violates



the individual's property (personal autonomy, 4th amendment), freedom of conscience (1st amendment), and their right to due process of law (5th and 14th amendment).

If you think that this is an opportunity to wear out the saints, and that you will be able to rely on the authority of regulatory agencies such as the CDC or CMS and their guidelines, requests, recommendations, or suggestions to protect you, think again. You will find that our pleading and consequent dealings will demand from you and your attorneys, the actual law granting you and your employees the right to discriminate and openly trespass others.

Any and all attorneys you involve will be demanded at all times to follow to the letter the rules of procedure, ethics, and professional conduct.

The actual damages you have caused us up until this point is $53,302.00 dollars as enumerated in the unfiled pleading that I have included within this correspondence.

It is quite unfortunate that we live in a society where virtue signaling, television souls, and high school ideas have been the guiding force behind most politically elected cowards, who are too afraid to stand against those who would sell our freedoms and liberty for perceived safety.

I am perfectly happy to make this a landmark case regarding the "sovereign" Indians who created a discriminatory animus against a lower class of American nationals in Howard Brown and Brandon Sibley.

Now that we have completed the rules of engagement, moving forward you have my guarantee that I, nor Howard will ever simply walk away once we start the court process, I will offer you one last chance at settlement.


Brandon Sibley will settle for $250,000.00

Howard Brown will settle for $250,000.00


Brandon Sibley

Howard Brown

Brandon A. Sibley
17125 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818

Howard G. Brown
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## NORTHERN DIVISION

Case No._____

HOWARD BROWN                **COMPLAINT AND JURY DEMAND**
BRANDON SIBLEY,
*Plaintiffs,*
v.
CHOCTAW RESORT DEVELOPMENT ENTERPRISE,
WILLIAM SONNY JOHNSON in his individual and professional capacity,
MISSISSIPPI BAND OF CHOCTAW INDIANS,
BEN CYRUS in his individual and official capacity as Chief of the MISSISSIPPI BAND of CHOCTAW INDIANS,
JOANN "DOE" in her individual and professional capacity,
CHRIS "DOE" in his individual and professional capacity,
JOHN DOE 1 in his individual and professional capacity,
JOHN DOE 2 in his individual and professional capacity,
*Defendants.*
_____/

## <u>COMPLAINT AND JURY DEMAND ON ALL COUNTS APPLICABLE</u>

Plaintiffs incorporate by reference the attached exhibits with the same force and effect as if herein set forth. Plaintiffs Howard Brown and Brandon Sibley, hereafter

1

1  known as Plaintiffs, seek redress for grievances against Defendants for Constitutional

2  right violations which incorporate both criminal and civil penalties.

3  **INTRODUCTION**

4      This action arises out of the Defendants' conspiracy to deprive inherent, sacred

5  and inviolable rights absent of due process. These rights include, but are not limited to,

6  the exclusive enjoyment, use, and disposal of property exclusive to the Plaintiffs. This

7  inherent and sacred right incorporates both personal autonomy and the freedom to

8  exercise religious beliefs independently of anyone else.

9      This action arises out of the Defendants' conspiracy to deny equal enjoyment and

10  access to places of public accommodation by color of state law, which is protected by

11  Title II of the Civil Rights Act of 1964.

12      The causes of action brought are (1) Violation of 42 U.S.C. § 1983 (due process

13  and equal protection clauses), (2) Violation of 42 U.S.C. § 1985, (3) common law

14  conspiracy, (4) Violation of 42 U.S.C. §§§ 2000(a), 2000 (a-1), 2000(a-2), and (5)

15  negligent infliction of emotional stress.

16      Plaintiffs ask the Court to convene a federal grand jury to investigate the

17  allegations set forth herein for what Plaintiffs believe to be violations of federal law by

18  all Defendants, incorporating title 18 U.S.C. § 241 and 18 U.S.C § 242. Proximate result

19  by state action depriving Plaintiffs of constitutionally protected rights and the concerted

1  effort on the part of Defendants to violate Plaintiffs' constitutionally protected rights

2  absent of due process.

3  **<u>JURISDICTION</u>**

4       Pursuant to 28 U.S.C §§§ 1331,1343(a), and 1367(a) this Court has subject matter

5  jurisdiction over Plaintiff's claims.

6       Pursuant to 28 U.S.C. §§ 2201 and 2202 this Court has subject matter jurisdiction

7  over Plaintiffs' request for declaratory relief.

8       Pursuant to title 28 U.S.C. §1391 (b), venue is proper in the Southern District of

9  Mississippi Northern Division because all claims arise out of Neshoba County.

10       Pursuant to title 18 U.S.C. § 1151 and 1152, non – tribe members are within the

11  sole and exclusive jurisdiction of the United States while in Indian Country.

12       Pursuant to title 42 U.S.C. § 1983 (civil action for deprivation of rights), § 1985

13  (conspiracy to interfere with civil rights), and § 1988 (proceedings in vindication of civil

14  rights) this Court has subject matter jurisdiction.

15       Pursuant to Title II of the Civil Rights act of 1964, and Title 42 U.S.C. § 2000

16  (denial of service at places of public accommodation) this Court has subject matter

17  jurisdiction.

1    Pursuant to title 18 U.S.C. §§ 241 and 242 this Court has subject matter

2  jurisdiction.

3    Plaintiffs do not have adequate remedy at law for the loss of constitutionally

4  protected rights in a Tribal Court, as the Tribal Court cannot obtain either In Personam

5  or Subject Matter jurisdiction in this matter.

6

7    **PARTIES**

8    At all times material to this lawsuit, Howard Brown resided in Hammond, Louisiana.

9    At all times material to this lawsuit, Brandon Sibley resided in Livingston Parish,

10  Louisiana.

11    At all times material to this lawsuit, CHOCTAW RESORT DEVELOPMENT ENTERPRISE

12  principal place of business is located at 13550 Hwy 16 W Choctaw, MS, 39350.

13    At all times material to this lawsuit, MISSISSIPPI BAND of CHOCTAW INDIANS

14  principal place of business is located at 101 Industrial Road, Choctaw, MS 39350.

15    Defendant MISSISSIPPI BAND of CHOCTAW INDIANS is a "body politic and corporate

16  located within the geographical lands of Mississippi." The Jurisdiction of this body politic

17  is found within their constitution and by-laws and is recorded as "Article II, it states, -

18  "The jurisdiction of the Mississippi Band of Choctaw Indians shall extend to all lands now

4

1  held or which may hereafter be acquired by or for or which may be used under proper

2  authority by the Mississippi Band of Choctaw Indians, and to all persons who are now or

3  may hereafter become members of the Mississippi Band of Choctaw Indians."

4       At all times material to this lawsuit, Chief Cyrus Ben, being a natural person, was the

5  individual acting in the Office of Chief for the MISSISSIPPI BAND of CHOCTAW INDIANS.

6       At all times material to this lawsuit, William Sonny Johnson, being a natural person,

7  was the chief executive officer for CHOCTAW RESORT DEVELOPMENT ENTERPRISE.

8       At all times material to this lawsuit the security officers and armed man, who are

9  natural persons, acted in conspiracy for and by Cyrus Ben, were employed by the

10  CHOCTAW RESORT DEVELOPMENT ENTERPRISE.

11       All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in

12  Neshoba County, Mississippi.

13                          **PRELIMINARY STATEMENT**

14       Plaintiffs Howard Brown and Brandon Sibley allege that the Defendants through

15  negligence, ignorance, wanton disregard, or a combination of all three, worked together

16  to chill and deter the substantive rights of the Plaintiffs through arbitrary and capricious

17  means. Defendants relied upon guidance issued from agencies such as the CDC, CMS,

18  and departments of health. At no time, did the advice or suggestions of these agencies

19  have the authority to supersede the Constitution of the United States or Federal Law.

1    Chief Cyrus Ben acted on these capricious and arbitrary recommendations,

2    guidelines, and suggestions with his enactment of Ordinance 2020-06-B. (Exhibit A)

3    In ordinance 2020-06-B Cyrus Ben allowed for no exemptions or right for self-

4    determination, but instead created a workforce under his direction who acted in

5    concert with one another believing that they had legal and lawful right to violate

6    substantive rights as secured by the United States Constitution and Federal Law.

7

8    **FACTS**

9    Plaintiff Howard Brown on the 16th day of October 2021, had secured a hotel

10   reservation through David Malbrough, a former Golden Moon Hotel and Casino

11   employee.

12   Plaintiffs were scheduled to enjoy the local food, culture, and shops while staying

13   two nights at the Golden Moon Hotel and Casino.

14   On the 16th day of October 2021, Plaintiffs entered the lobby of Golden Moon Hotel

15   and Casino at Pearl River Resorts around the time of 4:30 pm, with a hotel reservation.

16   Plaintiffs entered the Golden Moon Hotel lobby with luggage and effects.

17   Plaintiffs walked past the masked security guard sitting near the front door.

18   Defendant held up a pink mask as if to offer it to plaintiffs.

6

1    Plaintiff Brown politely waived his hand in the direction of the Defendant and said,

2    "I'm exempt."

3    Plaintiff Sibley stated that, he was religiously exempt.

4    Immediately a second masked Defendant carrying a badge, hereinafter known as

5    John Doe 1, deterred plaintiffs' movement forward.

6    John Doe 1 knew or should've known that the deprivation of constitutionally

7    protected rights with intent and gross negligence was both criminal and breached his

8    duty and obligations as an officer of the law, and egregiously failed to protect Plaintiffs.

9    John Doe 1 told Plaintiffs that the only way they would be allowed to continue on

10   their way in this facility is to put on a mask.

11   John Doe 1, brandishing a deadly weapon and badge chilled, deterred, and arrested

12   the free movement of Plaintiffs by blocking access to the hotel lobby.

13   Plaintiff Brown stated that, he was both medically and religiously exempt from the

14   mask mandate.

15   Third Defendant, Chris Doe, immediately retorted "Do you have proof of the

16   medical exemption?"

1    The right to privacy from unwarranted invasion by persons adjudicating arbitrarily,

2    capriciously, maliciously, and unreasonably is constituted as irreparable harm and gross

3    negligence.

4    Additional Defendants began to encircle the Plaintiffs. (Exhibit B).

5    Plaintiff Sibley politely stated, "I just need your policy, your actual policy that states

6    that everybody has to…"

7    Defendants initially told Plaintiffs that written policy would be supplied.

8    Defendant Joann Doe and Defendant John Doe 2 arrived at the scene.

9    Plaintiff Brown felt is necessary to state, "We're not forcing our way in; We're

10    asking you for written policy."

11    Plaintiff Sibley stated, "Title 42 § 1983 says you cannot discriminate against anyone

12    on the grounds of race or religion. I am notifying you that I am religiously exempt

13    because it's the spirit in."

14    Several Defendants' voices became elevated and agitated.

15    Defendant Joann Doe stated, "Well, you're not welcome to stay. **with finger raised

16    and pointing at the door as she commanded**, you can leave now!"

17    Defendant John Doe 2 stated, "Do me a favor, just keep your so-called knowledge;

18    Get on out the door."

1    Several Defendants' language became threatening.

2    Plaintiff Sibley at this time felt it necessary to ask everyone to calm down and simply

3 state the authority the hotel had been granted in denying Plaintiffs access to the public

4 accommodation.

5    Plaintiffs were denied written mask policy and controlling authority that granted

6 employees of the Golden Moon Hotel and Casino the authority to deny due process of

7 law and proceeded to arbitrarily, capriciously, and unreasonably trespass Plaintiffs and

8 deny Plaintiffs' rights as secured by the Constitution of the United States.

9    Defendants' justification for chilling and deterring Plaintiffs' equal access,

10 enjoyment, and use of the Golden Moon Hotel and Casino was, "that the Hotel was on

11 sovereign tribal land and that access could be denied."

12    Plaintiff Brown stated, "Just so ya'll know, what you did here today violated rights

13 and federal law."

14    Defendant John Doe 2 **(talking to Defendant Joann Doe points at Plaintiff Brown's**

15 **camera)** stated," Because he's recording us without us even knowing."

16    Defendant Joann Doe retorted, "Right."

17    Defendant John Doe 2 stated, "And you can't do that."

18    Plaintiff Sibley replies, "Yeah, we can."

9

1  Defendant Joann Doe stated, "No you can't, this is within our property. You cannot

2  do that."

3  Plaintiff Sibley asks, "Are you open to the public?"

4  Defendant Joann Doe replies, "Yes, and we have the right to refuse service."

5  Plaintiff Sibley then stated, "Are you giving service? Right? Then you have to give

6  service to everyone. Can you deny on race, religion or....?"

7  Defendant John Doe 2 commands the camera to be turned off!

8  Plaintiffs complied with the command.

9  Plaintiffs were threatened with property confiscation by Defendants.

10  Plaintiffs were threatened with arrest by Defendants.

11  Plaintiff Brown informed all Defendants present that they were committing multiple

12  felonies at plaintiffs' expense.

13  Plaintiff Sibley asked defendant, if this was indeed a place of public

14  accommodation?

15  Defendant Joann Doe replied in the affirmative.

16  Plaintiff Sibley asked if, service was to be denied to Plaintiffs?

17  Defendant replied in the affirmative.

10

1   Upon exit of the facility Plaintiffs were followed to their automobile by Defendant.

2   Plaintiffs were followed by motor vehicle bearing Pearl River Resorts Security

3   markings until Plaintiffs had fully exited tribal land.

4   The Defendants' actions were a direct cause of the Plaintiffs' cancellation of their

5   vacation and activities.

6   Plaintiff Sibley on October 18, 2021 called the head of security to ask for the

7   employee's names involved in the incident.

8   Security supervisor stated, "Why don't y'all stay away from here," and then hung up

9   the phone.

10  The impact of chilling and deterring Plaintiffs' free exercise of constitutionally

11  protected rights at a place of public accommodation constitutes irreparable harm to the

12  Plaintiffs.

13  In absence of due process of law, Defendants denied Plaintiffs their First Amendment

14  right prohibiting government or State action interfering with or attempting to regulate

15  any citizen's religious beliefs, coercing a citizen to affirm beliefs repugnant to his/her

16  religion or conscience, and from directly penalizing or discriminating against a citizen for

17  holding beliefs contrary to those held by anyone else.

11

1        In absence of due process of law, Defendants arbitrarily, capriciously, and

2    unreasonably discriminated against the Plaintiffs due to their religious belief and class

3    status.

4        Plaintiffs do not have adequate remedy at law for the loss of constitutional rights in

5    a Tribal Court as the Tribal Court cannot obtain In Personam jurisdiction or Subject

6    Matter jurisdiction in this matter.

7    **ORDINANCE 2020-06-B FAILS THE CONSTITUTIONAL SCRUTINY TEST**

8    **DECLARATORY JUDGEMENT AND FEDERAL QUESTION**

9        Plaintiffs reallege, restate, and incorporate by reference the allegations in the

10    foregoing jurisdictional, and factual allegations.

11        The Executive Order by Cyrus Ben (Exhibit A) is unconstitutional on its face and as

12    applied to the inviolable, exclusive, inherent, and inalienable right to possess, enjoy,

13    use, and dispose of property which includes but is not limited to, personal autonomy

14    and freedom of conscience, the order restricting these fundamental rights must be

15    narrowly tailored to a compelling state interest, as necessitated by the required strict

16    scrutiny rule.

17        *"Coverings may be fashioned from scarves, bandanas, or other suitable*
18    *fabrics", is language so ambiguous and vague that no reasonable man or woman*
19    *can derive from it a sense of medical safety.*

1    ***The ordinance therefore does not "define" the area of illegal conduct with***
2    ***sufficient specificity, so that men of common intelligence (need not) guess at its***
3    ***meaning." Hiett v. United States, 415 F.2d 664, 670 (5th Cir. 1969)***
4
5         Directly or indirectly all Defendants acted in a concerted conspiracy with the
6    unconstitutional ordinance from Chief Ben Cyrus and ultimately discriminated against
7    Plaintiffs.

8         The Mississippi Band of Choctaw Indians derive their authority as delegated from
9    the United States Congress and as such, are incorporated under the Constitution of the
10   United States.

11        **1ST Federal Question:** When a political subdivision created by Congress,
12   Mississippi Band of Choctaw Indians, chill, deter, and deprive constitutionally secured
13   substantive rights of non-tribe members by ordinance, do the Plaintiffs lose their
14   Constitutionally secured substantive rights? Plaintiffs contend, no.

15   Therefore, the Plaintiffs are entitled to injunctive relief to enjoin Defendants from
16   enforcing un-constitutional actions against the Plaintiffs or anyone else.

17        **2nd Federal Question:**  Can the advice, guidelines, recommendations, and
18   encouragement from Corporate, Federal, and State Agencies such as the CDC and the
19   Mississippi State Health Department supersede the United States Constitution which
20   incorporates substantive and procedural due process? Plaintiffs contend, no.

13

1    Therefore, the Plaintiffs are entitled to injunctive relief against to enjoin Defendants

2    from enforcing un-constitutional actions against the Plaintiffs or anyone else.

3         **3rd Federal Question:** Does the Mississippi Band of Choctaw Indians charter, body

4    politic, and organization under the United States Constitution allow the Mississippi

5    Band of Choctaw Indians to declare edicts, ordinances, or rules that violate Plaintiffs

6    substantive and procedural rights as secured by the United States Constitution and

7    Federal law? Plaintiffs contend, no.

8    Therefore, the Plaintiffs are entitled to injunctive relief to enjoin Defendants from

9    enforcing un-constitutional actions against the Plaintiffs or anyone else.

10        **4th Federal Question:** Must the Plaintiffs comply with edicts, ordinances, or

11   suggestions that violate constitutionally secured rights absent of due process? Plaintiffs

12   contend, no.

13   Therefore, the Plaintiffs are entitled to injunctive relief to enjoin Defendants from

14   enforcing un-constitutional actions against the Plaintiffs or anyone else.

15        **5th Federal Question:** Does sovereign immunity exist to create a class based,

16   invidiously, and discriminatory animus superiority where a group of individuals such as

17   the Mississippi Band of Choctaw Indians, can openly violate and deprive Plaintiffs of

18   their constitutionally protected rights? Plaintiffs contend, no.

19    Therefore, the Plaintiffs are entitled to injunctive relief to enjoin Defendants from

20   enforcing un-constitutional actions against the Plaintiffs or anyone else.

14

1    WHEREFORE plaintiffs demand judgement for declaratory and injunctive relief against

2    MISSISSIPPI BAND of CHOCTAW INDIANS and their corporate subdivisions, together with

3    such other relief as the Court may deem reasonable and just under the circumstances

4                   **COUNT 1: <u>VIOLATION OF 42 U.S.C. § 1983</u>**

5           **<u>(DUE PROCESS AND EQUAL PROTECTION CLAUSES)</u>**

6    Plaintiffs reallege, restate, and incorporate by reference the allegations in the foregoing

7    jurisdictional, and factual allegations.

8         At all times relevant herein, Plaintiffs had a right under due process and equal

9    protection clauses of the state and federal constitutions not to be deprived of their

10   constitutionally protected interest in property and exercise of religious liberty. ***U.S.C.***

11   ***Const. Amend. 14; M.G.L. Const. Pt. 1, Art.10.***

12        At all relevant times herein, the defendants were state actors, and their conduct

13   was subject to 42 U.S.C. §§§ 1983, 1985, and 1988.

14        ***"Private persons, jointly engaged with state officials in the challenged action, are***
15   ***acting 'under color' of law for purposes of Section 1983 actions." Dennis v. Sparks.***
16   ***449 U.S. 24, 27-28 (1980)***

17        Acting under the color of law, Ordinance 2020-06-B, Defendants worked in concert

18   to deny Plaintiffs' rights, privileges, or immunities secured by the United States

19   Constitution or by Federal law and guaranteed by the Fourth, Fifth, and Fourteenth

20   Amendments to the Constitution of the United States.

1    As a result of Defendants concerted unlawful and malicious conduct, Plaintiffs were

2    deprived of their rights to equal protection of all laws, due process of law, of their

3    inviolable right to personal autonomy, right to property, and the due course of justice

4    was impeded, in violation of the Fourth, Fifth, and Fourteenth Amendments to the

5    Constitution of the United States and 42 U.S.C. § 1983.

6    Defendant MISSISSIPPI BAND OF CHOCTAW INDIANS, PEARL RIVER RESORTS and

7    any subsidiaries thereof are responsible for establishing policy, procedure, and customs

8    complained about herein.

9    Defendants Cyrus Ben, MISSISSIPPI BAND OF CHOCTAW INDIANS, and PEARL RIVER

10   RESORTS, and/or any subsidiaries thereof, had an obligation and duty to Plaintiffs to

11   properly train and supervise all employees, officers, or contractors under their purview

12   about discriminatory practices that are unlawful.

13   These actions and omissions by the Defendants MISSISSIPPI BAND OF CHOCTAW

14   INDIANS and PEARL RIVER RESORTS through their various agencies and policy making

15   officials, demonstrates a callous indifference to the rights of the Plaintiffs and other

16   individuals who have been harmed by these 'policies;' and such consequence is

17   reasonably foreseeable by the Defendants MISSISSIPPI BAND OF CHOCTAW INDIANS

18   and PEARL RIVER RESORTS. Such failure to train, supervise, and later to investigate and

1   discipline the agents involved reflects a deliberate and conscious indifference by the

2   Defendants.

3      Defendants knew or should've known their duty and obligations as reasonable

4   men, and to know the consequences of depriving Plaintiffs of Constitutionally secured

5   rights when in breach of that duty.

6      Defendants directly or indirectly worked in concert to deprive inherent

7   constitutionally protected rights, which has been emotionally traumatizing to mind,

8   body, and soul.

9      The rule is well settled, however, that if the natural consequences of the wrongful

10   act, done willfully or with gross negligence, is mental suffering to the plaintiff, then that

11   element may be considered in assessing the damages.

12   WHEREFORE, Plaintiffs demand judgement for the violation of their civil rights against

13   all Defendants jointly and severally for actual, general, special, and compensatory

14   damages in the amount of $500,000.00 and further demand judgement against all

15   defendants jointly and severally for punitive damages in an amount to be determined by

16   the jury, plus the cost of this action, including attorney's fees, and such other relief

17   deemed to be just, fair, and appropriate.

18                **COUNT 2: <u>VIOLATION OF 42 U.S.C. §1985</u>**

1  Plaintiffs reallege, restate, and incorporate by reference the allegations in the foregoing

2  jurisdictional, and factual allegations.

3      The conspiratorial purpose was based on the "Sovereign state" of the Mississippi

4  Band of Choctaw Indians having the authority to deny service and to deprive Plaintiffs

5  equal enjoyment, use, and access to a place of public accommodation.

6      Joann Doe stated "that the signs posted inside the facility was the law and that this

7  was Sovereign property."

8      John Doe 2 states "We don't have to give you anything, it states right there, the

9  sign, that's good enough, you can't abide by that, this is Tribal Law. We have a policy

10  within the tribe, the tribe owns this land, the state does not, which part of that don't

11  you understand?"

12      Defendants who were defined as "Sovereign" by John Doe 2 and Joann Doe, did not

13  need any lawful reason to deny service to transient guests seeking lodging for the

14  weekend.

15      Defendants knew or should've known that the constitution and laws of the United

16  States is the controlling authority, as outlined in the Mississippi Band of Choctaw Indians

17  constitution and bylaws specifically Article VIII, Powers and Duties of the Tribal Council,

18  Sec. 1. The legislative power of the Mississippi Band of Choctaw Indians is vested in the

18

1  tribal council and shall be exercised in accordance with this constitution and bylaws and

2  that the Constitution and Laws of the United States are applicable to Indian Tribes.

3      Plaintiffs, as non-tribe members, at a place of commerce incorporating hotels,

4  restaurants, and entertainment were denied service at a place of public accommodation

5  as enumerated in Title II of the Civil Rights Act of 1964.

6      Defendants recklessly and callously imposed on Plaintiffs that their sovereign class

7  of individuals held rights above that of the Plaintiffs'.

8      As a result, the Defendants in concert conspired to deprive the Plaintiffs of the

9  equal protection, equal privileges, and immunities as protected under the constitution

10 and laws of the United States and state of Mississippi.

11     Defendants negligently and egregiously denied Plaintiffs their constitutionally

12 protected rights of property and freedom of conscience.

13 ***Statements by some courts indicate constitutional protection for rights termed***
14 ***"natural," in addition to rights protected under the specific guarantee***
15 ***safeguarding a person in life, liberty, or pursuit of happiness, such as a natural***
16 ***right of personal autonomy. Am. Jur. Const. 2d Law §403***
17

18     Plaintiffs asked Defendants to provide the authority, policy, or law which granted

19 the employees of the Golden Moon Hotel and Casino such authority to recklessly and

20 callously deny Plaintiffs' constitutionally protected rights and violate the laws of the

21 United States.

19

1     The Sovereign status of the employees working for the Golden Moon Hotel and

2   Casino, operating in commerce per se, directly and indirectly conspired to deprive

3   Plaintiffs the equal enjoyment, access, and use of a public accommodation, as protected

4   in title II of the Civil Rights Act of 1964 (title 42 U.S.C. §2000).

5     John Doe 2 threatened Plaintiffs with arrest and confiscation of Plaintiff Brown's

6   property (recording device), are two of the overt acts in furtherance of the conspiracy.

7     Exhibit (B) will demonstrate that the stance of the employees working for the

8   Golden Moon Hotel and Casino were armed, disguised, and in defense positions barring

9   entry into the proclaimed Sovereign premises.

10    The discriminatory animus was that the employees working for the Golden Moon

11   Hotel and Casino were a Sovereign class and the Plaintiffs were not, creating a class-

12   based, invidiously, and discriminatory animus, depriving Plaintiffs of constitutionally

13   protected rights.

14       ***To state a claim under § 1985(3) a plaintiff must allege the existence of (1) a***
15   ***conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons,***
16   ***directly or indirectly, of the equal protection of the laws or of equal privileges and***
17   ***immunities under the laws, (3) an overt act in furtherance of the conspiracy, and***
18   ***(4) either (a) an injury to person or property, or (b) a deprivation of a***
19   ***constitutionally protected right or privilege. See Griffin v. Breckenridge, 403 U.S.***
20   ***88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)***
21

1   WHEREFORE, Plaintiffs demand judgement for the violation of their civil rights against

2   all Defendants jointly and severally for actual, general, special, and compensatory

3   damages in the amount of $500,000.00 and further demand judgement against all

4   defendants jointly and severally for punitive damages in an amount to be determined by

5   the jury, plus the cost of this action, including attorney's fees, and such other relief

6   deemed to be just, fair, and appropriate.

7   ## COUNT 3: <u>COMMON LAW CONSPIRACY</u>

8   Plaintiffs reallege, restate, and incorporate by reference the allegations in the foregoing

9   jurisdictional, and factual allegations.

10   All defendants had (a) a task to be accomplished; (b) an agreement on the object or

11   course of action, to wit, to deprive Plaintiffs of their right to equal protection of the

12   laws, specifically the right to access places of public accommodation absent of

13   discrimination; (c) performed one or more unlawful overt acts; and (d) caused Plaintiffs

14   damages that were a direct result of those acts.

15   Defendants threatened arrest and confiscation of property absent of criminal

16   activity or due process by the Plaintiffs.

17   All Defendants directly or indirectly protected, insulated, and authorized agents to

18   act in wanton disregard to the constitutionally protected rights of the Plaintiffs, creating

1   a workplace environment at the Golden Moon Casino and Hotel that recklessly and

2   callously deprived Plaintiffs of their rights.

3   WHEREFORE, Plaintiffs demand judgement for the violation of their civil rights against

4   all Defendants jointly and severally for actual, general, special, and compensatory

5   damages in the amount of $500,000.00 and further demand judgement against all

6   defendants jointly and severally for punitive damages in an amount to be determined by

7   the jury, plus the cost of this action, including attorney's fees, and such other relief

8   deemed to be just, fair, and appropriate.

9

10   **COUNT 4: <u>DENIAL OF SERVICE AT A PLACE OF PUBLIC ACCOMMODATION</u>**

11   Plaintiffs reallege, restate, and incorporate by reference the allegations in the foregoing

12   jurisdictional, and factual allegations.

13      All persons shall be entitled to the full and equal enjoyment of the goods, services,

14   facilities, privileges, advantages, and accommodations of any place of public

15   accommodation, without discrimination or segregation on the ground of race, color,

16   religion, or national origin.

17      Plaintiffs Brown and Sibley are caucasian men of national origin, and were

18   arbitrarily, capriciously, and unreasonably denied service at a place of public

19   accommodation by "Sovereigns on Tribal Land" at the Golden Moon Hotel and Casino, a

22

1    hotel with 600 rooms, restaurants, and operating a place of entertainment as defined in

2    Title II of the Civil Rights Act of 1964 which affects commerce per se.

3        Plaintiffs were deprived of the equal access to the public accommodation without

4    effort to accommodate their sincerely held religious belief.

5        Plaintiffs were deprived of the equal access, enjoyment and use of a public

6    accommodation by being classified as a lower-class citizen than the tribe members.

7    WHEREFORE plaintiffs demand judgement for declaratory and injunctive relief against

8    MISSISSIPPI BAND of CHOCTAW INDIANS and their subdivisions, together with such

9    other relief as the Court may deem reasonable and just under the circumstances.

10              **COUNT 5: <u>NEGLIGENT INFLICTION OF EMOTIONAL STRESS</u>**

11       Defendants knew or should've known as reasonable men and women the duties we

12    each have towards one another as members of society with different beliefs, customs,

13    usages, and practices.

14       Defendants breached their duty as reasonable men and women by recklessly and

15    callously identifying themselves as superior people in a Sovereign class, above the law of

16    the United States, thereby inflicting emotional distress, mental anxiety, and causing

17    physical symptomatology.

23

1    Plaintiffs have had to digest a lifetime's worth of legal knowledge which have

2    caused expenses that weren't scheduled, sleep loss, weight loss, and other physical

3    symptomatology due to the mental and emotional distress caused by Defendants'

4    negligent actions.

5    Plaintiffs were humiliated, shamed, scoffed, threatened, coerced, and ultimately

6    denied service by Defendants in breach of duty to their fellow man.

7    WHEREFORE, Plaintiff demands judgement, including interest, against Defendants in an

8    amount deemed by this Court to be just and fair and in any other way in which the

9    Court deems appropriate.

10

11    **REQUEST FOR RELIEF**

12    WHEREFORE, Brandon Sibley and Howard Brown seek redress for grievances in which

13    this Court can grant relief:

14    Assume Jurisdiction over this action.

15    Enter a judgement and decree declaring that the Executive Order 2020-06-B by

16    Chief Cyrus Ben fails the constitutional scrutiny test for ambiguity and vagueness. Is

17    unconstitutional on its face and because it deprives the Plaintiffs the right of due

1   process, freedom of conscience, and property rights as guaranteed to Plaintiffs by the

2   United States constitution and both state and federal laws;

3         Enter a preliminary injunction enjoining defendants, their agents, officials,

4   servants, employees, and all persons in active concert or participation with them from

5   applying Executive Order 2020-06-B, so as to restrict constitutionally protected rights

6   without due process of law.

7         Award Plaintiffs costs for litigation, including reasonable attorney's fees and

8   expenses, pursuant to Title 42 § 2000(a)(3).

9         Plaintiff Sibley and Brown demand actual damages in the amount of $369.00 per

10  minute from Chris Doe, Joann Doe, John Doe 1, and John Doe 2 each for time seized

11  from Plaintiffs during the violation of Plaintiffs' constitutionally protected rights. Jury

12  shall determine actual time.

13        Plaintiffs demand remuneration for actual damages in the amount of 53,032.00

14  dollars for time spent learning how to plead a case, travel, relocation of vacation, and

15  subscription fees for Westlaw, Fast Case, and paralegal training course Jurisdictionary.

16        a.  $125.00 hourly rate each @ 200 hours is      $50,000.00

17        b.  Relocation of vacation                       $1,000.00

18        c.  Westlaw subscription is $297 monthly         $1,782.00

19        d.  Jurisdictionary course                       $250.00

25

Plaintiff Sibley and Plaintiff Brown demand punitive damages in the amount of $3,300.00 from Defendants Chris Doe, Joann Doe, John Doe 1, and John Doe 2 each for the mental and emotional stress caused to Plaintiffs.

Plaintiffs demand punitive damages from Defendant MISSISSIPPI BAND of CHOCTAW INDIANS and its subsidiaries CHOCTAW RESORT DEVELOPMENT, PEARL RIVER RESORTS, and GOLDEN MOON HOTEL and CASINO in the amount of $7,500,000.00 for the arbitrary, capricious, and unreasonable deprivation of rights guaranteed and secured by the United States Constitution.

WHEREFORE plaintiffs demand judgement for actual and punitive damages against MISSISSIPPI BAND of CHOCTAW INDIANS and their corporate subdivisions, together with such other relief as the Court may deem reasonable and just under the circumstances.

Dated this _____ day of April, 2022

Respectfully submitted,

_____

Howard Brown, Plaintiff *Pro se*

_____

Brandon Sibley, Plaintiff *Pro se*