# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI (Northern (Jackson))

| | |
|---|---|
| HOWARD BROWN and BRANDON SIBLEY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| V. | ) Civil Action No. 3:23-cv-127-DPJ-FKB |
| | ) |
| CHOCTAW RESORT DEVELOPMENT ENTERPRISE, ET AL., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS IN THIS CASE, INCLUDING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOC. 13)

Defendants have (per Doc. 14) asked this Court to stay all further proceedings in this case, including stay of proceedings based on Plaintiffs' Doc. 13 Motion for Summary Judgment.

This Court has inherent authority to say all proceedings in this case pending its rulings on Defendants' pending request that this suit be dismissed for Plaintiffs' failure to exhaust tribal remedies. *Landis v. N. Am. Co.,* 299 U.S. 248, 254255 (1936) (Courts have the inherent, discretionary authority to control their dockets by staying proceedings, with the exercise of this authority involving the balancing of competing interests and issues.). The standards for assessing such stay requests were well summarized in *Jager Pro Inc. v. Backwoods Solutins, LLC,* 2020 WL 7322724 (N.D. Miss) (… "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC v. Amazon.com, Inv.,* 356 F.Supp.2d 660, 662 (E.D. Tex. 2005)."). Similar standards were set out in *In Re Heritage Real Estate Investment, Inc. v. Citizens Bank,*

2019 WL 5061160, pp. 3-4 (5th Cir.) ("In determining whether a stay is appropriate, courts consider three factors: '(1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation.'").

Decisions to stay proceedings in suits in which there are motions pending which could result in all or some of the claims and issues before the Court being ruled upon by a different forum are routinely granted because such stays "will reduce the cost for both parties and the court …" and will "likely result in a narrowing or simplifying of the issues before the Court." *Id.* at 1. *Peavey Electronics Corporation v. Music Group Services, Inc.,* 2014 WL 12323520 (S.D. Miss.) (granting stay of proceedings in case as to claims that the U.S. Patent Office would be ruling on in a separate reexamination proceeding); *State of Mississippi v. Dollar General Corporation,* 2017 WL 11373464 (S.D. Miss.) (granting stay of proceedings in case where same issues would be decided in separate MDL proceedings); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 532 F.2d 412, 422 and n. 1 (5th Cir. 1976) (District Court's stay of proceedings where same issues were pending before Federal Power Commission was justified although "the Court should have been more precise in its order staying the litigation" and remanding the case to modify its order accordingly); *Williams v. Community Bank,* 821 Fed. Appx. 292 (5th Cir. 2020) (District Court's order staying proceedings to allow arbitrators to decide key legal issues was proper).

Here, it makes no sense to allow proceedings based upon Plaintiffs' Rule 13 Motion for Summary Judgment (or any other matter addressing the merits) to continue given that a court ruling requiring Plaintiffs' claims to be addressed in the Choctaw Tribal Court will make clear

2

that this Court cannot properly rule upon Plaintiffs' Doc. 13. Motion or any other matter bearing on the merits of Plaintiffs' claims or Defendants' defenses.

Turning to the other factors bearing on stay motions, issuing a stay in these circumstances will not unduly prejudice or present a tactical disadvantage to the non-moving party, will simplify the issues in question by giving the Court an opportunity to send all of them for trial or other disposition in the Choctaw Tribal Courts, and will relieve Defendants of the cost of responding to motions not properly before the Court; and, since no discovery has occurred (all discovery was stayed per this Court's Text-Only Order of April 6, 2023), and no trial date has been set, granting a stay pending a ruling on Defendants' request for dismissal will not disrupt any previously set discovery or trial schedules, but instead will clearly promote judicial economy and will relieve Defendants of any duty to respond to matters which are not properly before this Court.

Finally, in the prior proceedings between these same parties involving the same claims, United States District Court for the Southern District of Mississippi (Norther (Jackson)), Howard Brown and Brandon Sibley, Plaintiffs v. Choctaw Resort Development Enterprise, et al., Defendants, Civil Action No. 3-33-cv-00256-DPJ-FKB, this Court granted (Doc. 48) the Tribal Defendants' Motion to Stay further proceedings in that suit in the same circumstances as exist here, following Plaintiffs' Motion for Partial Summary Judgment filed there (Doc. 28) while the Tribal Defendants' Motion to Dismiss for Failure to Exhaust Tribal Remedies (Doc. 6) was then pending, and based on Defendants' Motion to Stay those proceedings (Doc. 31). This Court should enter the same kind of stay order here.

                                  Respectfully submitted,

                                  VanAMBERG, ROGERS, YEPA, ABEITA
                                    GOMEZ & WILKINSON, LLP

By:   /s/ C. BRYANT ROGERS
       C. BRYANT ROGERS
       Post Office Box 1447
       Santa Fe, NM 87504-1447
       Phone: (505) 988-8979
       Fax: (505) 983-7508
       E-mail: cbrogers@nmlawgroup.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed to the Plaintiffs by United States Mail, postage prepaid, on August 4, 2023.

/s/ C. BRYANT ROGERS
C. BRYANT ROGERS