IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI (Northern (Jackson))

| | |
|---|---|
| **HOWARD BROWN and** <br> **BRANDON SIBLEY,** <br><br> **Plaintiffs,** <br><br> V. <br><br> **CHOCTAW RESORT** <br> **DEVELOPMENT ENTERPRISE,** <br> **ET AL.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:23-cv-127-DPJ-FKB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF PROVISIONAL RESPONSE IN OPPOSITIN TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOC. 13)**

Plaintiffs' have asked this Court (Doc. 13) to enter an Order granting them summary judgment on claims that their rights were violated by the enactment and enforcement of the Choctaw Tribal Council's Ordinance 2020-06, claiming at page 4 that those rights are based on:

a. The Bill of Rights of the U.S. Constitution;

b. 25 U.S.C. § 1301, *et seq.,* the Indian Civil Rights Act of 1968; and,

c. The Bill of Rights of the Constitution and Bylaws of the Mississippi Band of Choctaw Indians, set out at § X thereof.

Defendants have filed (Doc. 16) a Provisional Response in Opposition to Plaintiffs' Motion for Summary Judgment.

Plaintiffs' claim that they are entitled to summary judgment on those claims because there are no disputed issues of material fact which would otherwise bar the entry of summary judgment for them on these claims.[1]

The fatal flaw in Plaintiffs' Motion is Plaintiffs' utter failure to identify any body of law under which they would be entitled to judgment as a matter of law on these claims in this Court even if they could otherwise prevail on the merits of such claims. It is axiomatic that a party is not entitled to summary judgment on their claims unless they can establish that they are entitled to judgment as a matter of law under the controlling law applicable to those claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986)*; Celotex Corp. v. Catrell,* 477 U.S. 317, 323 (1986); *accord, Johnson v. Mississippi Home Corporation,* 2013 WL 12313327 (S.D. Miss.), p.2.

---

[1] *See,* the following excerpt from p. 4 of Plaintiffs' Doc. 13 Motion:

> The Tribe cannot claim sovereign immunity when their Ordinance 2020-06-B is in violation of both Article X of the constitution and charter of the Mississippi Band of Choctaw Indians, which incorporates wholly § 1301 (a) and (b) of the Indian Civil Rights Act of 1968 AND as applied to non-tribe members, is in violation of the 1st and 4th amendments of the United States Constitution, as plead sufficiently by Plaintiffs in their Complaint (Doc. 1).

The Tribal Defendants have not raised their sovereign immunity defense in this proceeding, nor have they waived it. That defense may be raised in any tribal court proceedings refiled per dismissal of Plaintiffs' suit from this Court for failure to exhaust their tribal remedies, but that immunity defense has not been raised here. Nonetheless, the above assertions from page 3 of Plaintiffs' Doc. 13 Motion clearly show that they are seeking relief in this Court in their Complaint and in their Motion for Summary Judgment based on claimed violations of rights they claim are conferred upon them by the U.S. and Choctaw Constitutions and 25 U.S.C. § 1301 *et seq.*, none of which claims are actionable in this Court as shown in text.

It is also well-settled that the mere possibility that (or even the reality that) a tribal party may raise or has raised a sovereign immunity defense in a federal court does not by itself create any basis for the court's exercise of federal question jurisdiction over the underlying claims. *Oklahoma Tax Commission v. Graham,* 489 U.S. 838 (1989).

But here, none of the sources of "constitutional" law Plaintiffs' rely upon apply to Defendants' actions or impose any duties or restrictions on Defendants' actions (or confer any rights upon Plaintiffs) enforceable against Defendants in this Court.

Specifically, the Bill of Rights of the U.S. Constitution does not apply to the Tribal Defendants. *Talton v. Mayes*, 163 U.S. 986 (1896); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978); *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529, 533 (8th Cir. 1967) (constraints on governmental action imposed by Fifth and Fourteenth Amendments do not apply to Indian tribes).

And, there exist no private right of action in this Court to rule upon or grant relief upon any claims based on alleged violations of rights under 25 U.S.C. § 1301 *et seq. Santa Clara Pueblo v. Martinez,* 436 U.S. at 69-80.

Further, Plaintiffs' claims that the Tribal Defendants' violated Plaintiffs' rights under the Bill of Rights set out at Title X of the Tribe's Constitution, utterly fails to state any claim arising under federal law. Hence, not only fails to state claims upon which relief may be granted by this Court, but also fails to invoke this Court's federal question jurisdiction. *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe, supra* at 532 (suit arising from alleged violations of tribal constitution or other tribal law do not present federal question); *Rosebud Sioux Tribe of South Dakota v. Driving Hawk,* 407 F.Supp. 1191 (D.S.D. 1976) (claims arising from alleged violation of tribal constitution are not actionable in federal district courts). Other cases holding that claims arising under tribal law are not actionable in federal district courts are set out at Doc. 6, p.6.

Thus, Plaintiffs have not and cannot show that they are entitled to summary judgment on any of these claims as a matter of law. Hence, unless this Court's ruling on Plaintiffs' Doc. 13

Motion is stayed, as requested by Defendants at Doc. 14, this Court should enter an Order denying Plaintiffs' Doc. 13 Motion for Summary Judgment.

        Respectfully submitted,

        VanAMBERG, ROGERS, YEPA, ABEITA
           GOMEZ & WILKINSON, LLP

  By:    /s/ C. BRYANT ROGERS
           C. BRYANT ROGERS
           Post Office Box 1447
           Santa Fe, NM 87504-1447
           Phone: (505) 988-8979
           Fax: (505) 983-7508
           E-mail: cbrogers@nmlawgroup.com

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was mailed to the Plaintiffs by United States Mail, postage prepaid, on August 7, 2023.

           /s/ C. BRYANT ROGERS
           C. BRYANT ROGERS